**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankruptcy No. 16-41865-KAC<br>Chapter 11 Case |
| Driving Miss Daisy, Inc., | |
|         Debtor. | |

**APPLICATION FOR APPROVAL OF EMPLOYMENT**
**OF ATTORNEY FOR DEBTOR**

TO: The Honorable Judge Katherine A. Constantine and the United States Trustee:

1. The above-entitled case was commenced by the filing of a voluntary petition for relief under chapter 11 of Title 11 of U.S.C. on June 21, 2015. Driving Miss Daisy, Inc., the debtor and applicant herein ("Applicant"), is currently operating as a debtor-in-possession.

2. Pursuant to Section 327(a) of the Bankruptcy Code, Applicant desires to employ Lynn J.D. Wartchow of Wartchow Law Office, LLC, 1500 Willson Road, Suite 150, Edina, Minnesota 55424 ("Wartchow"), as attorney for the Applicant, for the purpose of rendering professional services to the Applicant in all matters related to or which will arise out of and in the course of the administration of the Applicant's chapter 11 proceeding. Wartchow is experienced in such work and is agreeable to performing such services on an hourly charge basis, with such compensation being subject to allowance by this Court.

3. The services of Applicant's attorney are necessary to represent it in all matters arising during its chapter 11 proceeding, including the control of assets, the determination of claims, negotiations with creditors and other parties, the preparation and formation of a chapter 11 plan, and such other services as are necessary for the exercise of all rights available to it. Wartchow

has agreed to perform such services on an hourly rate of $250 plus costs. Hourly work performed will be recorded in increments of tenths of an hour.

4. To the best of Applicant's knowledge, Wartchow does not have any connection with Applicant, the creditors of Applicant, the United States Trustee or employees of the United States Trustee, or any other party in interest, or its respective attorneys. To the best of Applicant's knowledge, Wartchow does not hold or represent any interest adverse to the Applicant and is a "disinterested person" as required by 11 U.S.C. § 101(13).

5. Wartchow has received no compensation from any party in connection with this case except for a $7,000.00 pre-petition retainer toward the payment of post-petition fees and costs in this matter which is held in Wartchow's trust account subject to further court approval.

6. Applicant requests that applications for payment of compensation be allowed to be heard by this Court at not more than 60-day intervals. Applicant further requests that it be permitted to receive and pay regular monthly invoices from its counsel, pending court approval of the fees.

7. Applicant agrees to comply with Local Rule 9(c) of this court's published Instructions for Filing a Chapter 11 Case and to disgorge and return such fees should the court so order.

WHEREFORE, Applicant respectfully requests that this Court approve Applicant's employment of the law firm of Wartchow Law Office, LLC to represent it for the purposes set forth herein.

Dated: June 22, 2016            **DRIVING MISS DAISY, INC.**

By: _____
Charles Omato, President and CEO of Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy No. 16-41865-KAC |
| | Chapter 11 Case |
| Driving Miss Daisy, Inc., | |
| Debtor. | |

## DECLARATION OF LYNN J.D. WARTCHOW

I, Lynn J.D. Wartchow, declare under the penalty of perjury that:

1. I am an attorney at law, duly admitted and licensed to practice in the State of Minnesota and in the federal courts for the District of Minnesota. I am the sole shareholder in the law firm of Wartchow Law Office, LLC, 1500 Willson Road, Suite 150, Edina, Minnesota 55424 ("Wartchow"). This declaration is submitted in support of the application of Driving Miss Daisy, Inc. (the "Debtor") to employ myself as Debtor's counsel in its bankruptcy proceeding.

2. To the best of my knowledge, I do not hold or represent any interest adverse to the Debtor in the above reorganization proceeding or with creditors of the Debtor, other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee, except that I have done pre-filing bankruptcy work to review the facts, discuss options, and to prepare the chapter 11 filings and initial paperwork.

3. I do not currently and have not ever represented the Debtor's business or any of its affiliates or creditors in this matter, nor will I represent such entities during the course of the Debtor's chapter 11 case.

4. If I am retained and engaged as counsel for Debtor in this reorganization proceeding, I will perform such services according to my reasonable skill and ability and agree,

1

by execution hereof, to act in the capacity of legal counsel to the debtor in this proceeding and for the purposes as outlined in the Debtor's application for employment of counsel.

5. If I am retained and engaged as counsel for the Debtor in this proceeding, the compensation paid for professional services rendered and to be rendered in connection with the case will be calculated according to my hourly rate of myself, subject to court approval, and as provided in the Bankruptcy Code. My hourly rate is $250.00. I request that I be allowed to apply to the court on interim applications not more often than once every 60 days for approval of such compensation, unless otherwise ordered by the court. I agree to disgorge and return such fees (and I have the ability to do so) should the court so order. The applicant Debtor has agreed to this procedure. The payment of any fees will be subject to court approval as set forth herein and as required by law.

6. I have not received from the Debtor any transfer, assignment, or pledge of property for fees or costs to be incurred in this proceeding, except for a $7,000.00 pre-petition retainer received on June 21, 2016 to be applied toward the payment of post-petition fees and costs in this matter, which is currently entirely held in my trust account.

7. I have not made any agreement for sharing fees earned in connection with this case.

Dated: June 27, 2016.  **WARTCHOW LAW OFFICE, LLC**

By:___*/e/ Lynn J.D. Wartchow*_____
Lynn J.D. Wartchow (#339726)
Wartchow Law Office, LLC
5200 Willson Road, Suite 150
Edina, MN 55424

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  
Driving Miss Daisy, Inc.,

        Debtor.

Bankruptcy No. 16-41865-KAC  
Chapter 11 Case

## PROOF OF SERVICE

I, Lynn J.D. Wartchow, do hereby certify that on June 27, 2016, the Application for Approval of Employment of Attorney for Debtor and supporting documents were filed with the Clerk of Court via ECF, and served upon all parties in interest and other entities specified in Local Rules 9013-4 and 2014-1, as listed on the below service list by the means indicated.

Dated: June 27, 2016          */e/ Lynn J.D. Wartchow*

**Via e-notice by the U.S. Bankruptcy Court to the following:**

- **Michael R Fadlovich**    michael.fadlovich@usdoj.gov
- **US Trustee**    ustpregion12.mn.ecf@usdoj.gov
- **Lynn J.D. Wartchow**    lynn@wartchowlaw.com, lynn_wartchow@hotmail.com

**Via first class U.S. mail postage prepaid:**

Driving Miss Daisy, Inc.  
c/o Charles Omato  
1710 Douglas Drive N.,  
Golden Valley, MN 55422

3

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  Bankruptcy No. 16-41865-KAC
          Chapter 11 Case

Driving Miss Daisy, Inc.,

       Debtor.

## ORDER

Upon application by the debtor in the above-entitled case for an order approving the employment of attorney, and it appearing necessary and appropriate that said debtor be represented by Lynn J.D. Wartchow and the law firm of Wartchow Law Office, LLC,

IT IS HEREBY ORDERED:

1. The employment of Lynn J.D. Wartchow and Wartchow Law Office, LLC as attorney for the debtor in possession in all matters pertaining to the chapter 11 proceeding is hereby approved.

2. The debtor will not be allowed to make automatic payments to the professional without prior notice and hearing, and the law firm can make application no more than every 30 days.

Dated: _____      _____
                                                             Honorable Katherine A. Constantine
                                                             United Stated Bankruptcy Judge